NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007[*]
Decided January 10, 2008

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1848

| | |
|---|---|
| MELVIN D. REED,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>INNOVATIVE HEALTH & FITNESS<br>LTD.,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Eastern District of<br>Wisconsin<br><br>No. 05-C-0987<br><br>Patricia J. Gorence,<br>*Magistrate Judge.* |

**O R D E R**

Melvin Reed—who has filed 26 employment discrimination claims with the Wisconsin Equal Rights Division and 14 employment discrimination claims in federal court against dozens of employers—sued his former employer, Innovative Health & Fitness Ltd. (IHF), claiming race and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634. Reed also alleged that IHF unlawfully retaliated against him after he threatened to file a

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

discrimination complaint. The district court granted IHF's motion for summary judgment, and Reed appeals. Reed concedes on appeal that his claim of age discrimination cannot withstand summary judgment, and his brief fails to develop any argument challenging the district court's grant of summary judgment on his race discrimination claim. *See* FED. R. APP. P. 28(a)(9). Thus, our review is limited to whether the district court erred in granting summary judgment to IHF on Reed's claim of retaliation in violation of Title VII. We affirm.

We recite the facts, as we must, in the light most favorable to the nonmovant. Reed, an African-American male, worked as a personal fitness trainer for IHF for two months in 2003. On November 11, 2003, Reed's supervisor, Katie Oldham, issued a written warning to Reed for multiple infractions. Although Oldham referred to him as a "great personal trainer," she reprimanded him for missing a scheduled meeting. Moreover, Oldham expressed concern that Reed had been late for appointments with clients on numerous occasions. The following day, Oldham received an email complaint from an IHF member who had unsuccessfully attempted to schedule a personal training appointment with Reed. The member expressed dissatisfaction with Reed's failure to ask about her fitness goals, his unprofessional demeanor, and his refusal to train her because of differences in training philosophies. That same day, Oldham learned that Reed was again late for a scheduled appointment with a member, and she attempted to confront Reed about it three times over the course of thirty minutes. Each time Reed refused to speak with her, first because he was with another member and then, later, because he was eating dinner.

The following day Reed, Oldham, and Timothy Beyer, IHF's Executive Director, met to discuss Reed's performance. The parties disagree about the exact content of the conversation, but it was indisputably contentious. Reed reports that he told Beyer that he had lost respect for Oldham as a manager due to her inexperience and her unprofessional treatment of him. Reed also informed Beyer that he planned to file a discrimination complaint because of Oldham's treatment of him. Furthermore, Reed threatened to file a retaliation charge against Beyer if Beyer took any adverse action against him. Beyer promptly fired Reed.

We review a district court's grant of summary judgment de novo. *Squibb v. Memorial Med. Ctr.*, 497 F.3d 775, 780 (7th Cir. 2007). Summary judgment is warranted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, to survive summary judgment, the nonmoving party must provide specific facts such that a jury could reasonably find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Reed claims that he was the victim of unlawful retaliation, specifically that he was fired for announcing his intention to file a discrimination complaint. A Title VII plaintiff like Reed may establish a *prima facie* case of retaliation in two ways. First, under the direct method, he may present direct or circumstantial evidence showing that his employer took an adverse employment action against him because of his statutorily protected activity. *Sylvester v. SOS Children's Vills. Ill., Inc.*, 453 F.3d 900, 902 (7th Cir. 2006); *Haywood v. Lucent Techs.*, 323 F.3d 524, 531 (7th Cir. 2003). The second, indirect method requires a plaintiff to show that (1) he engaged in statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than other similarly situated employees who did not engage in statutorily protected activity. *E.g., South v. Ill. Envtl. Prot. Agency*, 495 F.3d 747, 751 (7th Cir. 2007).

Reed cannot satisfy either test. First, regarding the direct method, the only evidence Reed offers to show that his protected activity was the cause of his termination is that he was fired during the same meeting in which he threatened to file a complaint against IHF. But suspicious timing alone can almost never satisfy the causation prong of a plaintiff's burden on summary judgment in a retaliation case. *See Squibb*, 497 F.3d at 787; *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006); *Scaife v. Cook County*, 446 F.3d 735, 742 (7th Cir. 2006) ("Close temporal proximity provides evidence of causation and may permit a plaintiff to survive summary judgment *provided that there is other evidence that supports the inference of a causal link*.") (quoting *Lang v. Ill. Dep't of Children & Family Servs.*, 361 F.3d 416, 419 (7th Cir. 2004)) (emphasis added). And this is not one of those rare cases where suspicious timing alone is enough to satisfy the *prima facie* case. *See Burks,* 464 F.3d at 758 n.17. Furthermore, a plaintiff cannot guarantee himself a *prima facie* case simply by threatening a lawsuit when it appears clear that he is about to be fired. *See Squibb*, 497 F.3d at 787; *Burks*, 464 F.3d at 758.

Reed's retaliation claim fares no better under the indirect method. Reed has not shown that he was treated less favorably than other similarly situated employees who did not engage in statutorily protected activity. He alleges generally that he was treated less favorably than younger, white employees, but that is not enough to survive summary judgment. The similarly situated requirement typically requires evidence of a comparable employee who dealt with the same supervisor, was subject to the same standards, and engaged in similar conduct without additional circumstances that would differentiate the two. *See, e.g., Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 404-05 (7th Cir. 2007), *cert. granted*, 76 U.S.L.W. 3154 (U.S. Sept. 25, 2007) (No. 06-1431); *Burks*, 464 F.3d at 751. And Reed has failed to identify any comparable employees with similar performance issues. Because Reed cannot establish a *prima facie* case of retaliation under Title VII, the

district court was correct to grant summary judgment to IHF.  *See Burks*, 464 F.3d at 751-59.

Reed's additional arguments—that the district court exhibited bias by discussing Reed's history of frequent employment discrimination litigation *in denying the sanctions that IHF requested* and that the district court ignored his evidence by not reciting all of it in its decision—are wholly without merit and thus do not require further discussion.

AFFIRMED.